IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER M. FULLER and
NANETTE FULLER,

    Plaintiffs,

v.                                CASE NO. 5:16-mc-01-RH-GRJ

THOMAS LEWIS CURTIS and FREEDOM
EXCHANGE COMMUNITY DEVELOPMENT
CENTERS OF AMERICA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 38, Plaintiffs' motion for an order of civil contempt and sanctions as to Defendant Thomas Lewis Curtis. Defendant Thomas Lewis Curtis has filed a response in opposition and a motion for additional time to reschedule his deposition, ECF No. 39, and therefore the Plaintiffs' motion is ripe. For the following reasons, the undersigned recommends that Plaintiffs' motion be granted and Defendant held in civil contempt of this Court's orders.

### Background

In April 2016 the Court found that Plaintiffs had satisfied the requirements to initiate proceedings supplementary to execution of a

judgment.  In August 2011, Plaintiffs obtained a judgment in their favor against Defendants Thomas Lewis Curtis and Freedom Exchange Community Development Centers of America, Inc. (Judgment Debtors) in the Western District of Michigan, Southern Division, in the amount of $1,282,166.45.  ECF No. 22.  The Court subsequently granted Plaintiffs' motion to compel the deposition of Thomas Curtis, and ordered that Defendant Curtis appear for deposition on May 2, 2016, pursuant to Plaintiffs' deposition notice.[1]  Defendant was warned that failure to comply would subject him to contempt proceedings upon motion of Plaintiffs.  ECF No. 24.

Defendant failed to appear, as certified by the court reporter.  *See* ECF No. 32, 38.  On May 3, 2016, Defendant filed a motion for extension of time in order to retain counsel, and a motion for protective order.  ECF Nos. 27, 30.  The Court found that the motions were moot because more than one month had passed since the motions were filed and no attorney had entered an appearance.  ECF. No. 34.  On June 24, 2016, after denying further motions for extension of time by Defendant and his non-party wife, Cora Curtis, to retain counsel, the Court ordered that the

---

[1] The deposition is the continuation of one begun in October 2015.  *See* ECF No. 38 at 3.

depositions in aid of execution must be completed upon notice, failing which the Court would hold them in civil contempt and impose appropriate sanctions. ECF No. 37.

## **Plaintiffs' Motion**

Plaintiffs represent that after initially evading service of the deposition notice, service was effected on September 28, 2016. Defendant failed to appear for his deposition as scheduled on November 2, 2016. ECF No. 38 at 3, Exh. C. Plaintiffs represent that Defendant contacted them on November 3, 2016, and stated that he had misunderstood the date of his deposition. Defendant did not, however, offer to reschedule his deposition. Defendant drove his wife to her deposition as scheduled on November 3, 2016. ECF No. 38 at 3-4.

In opposition to Plaintiffs' motion, Defendant Curtis represents that unforeseen extenuating circumstances and family medical emergencies prevented him from attending his November 2 deposition. ECF No. 39. Defendant states that he has been away on a "major disaster relief work assignment," in Central Florida and his papers were misplaced as he was also returning from performing flood relief work in Louisiana. Defendant provides no specific dates for such travels. Defendant also asserts that in

mid-September his sister-in-law was hospitalized with a serious illness, in late September his sister in Michigan was hospitalized and seriously ill, and his oldest adult daughter received emergency medical treatment for a serious illness in October 2016. Defendant states that his son-in-law was involved in a car accident in October, as was his youngest daughter. On October 28, 2016, Cora Curtis sustained a serious burn to her hand while she was in central Florida, and was unable to return to northwest Florida for a few days. *Id*. Defendant represents that all of these circumstances contributed to an unintentional oversight of the date of his deposition. Defendant requests that his deposition be rescheduled for another date and time within a "reasonable" period of not more than "30 internationally-recognized banking days." *Id*.

## **Standard of Review**

Courts have the inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). A party "in a civil contempt proceeding must establish by clear and convincing evidence that the alleged contemnor violated the court's earlier order." *United States v. Roberts*, 858 F.2d 698,

700 (11th Cir. 1988) (citation omitted).  Once this *prima facie* showing of a violation is made, the burden then shifts to the alleged contemnor "to produce evidence explaining his noncompliance." *Citronelle-Mobile Gathering, Inc.*, 943 F.2d at 1301; *see also Mercer v. Mitchell*. 908 F.2d 763, 768 (11th Cir. 1990).

The Eleventh Circuit has made clear that "[d]istrict courts have broad discretion in fashioning civil contempt sanctions." *Howard Johnson Co., Inc. v. Khimani,* 892 F.2d 1512, 1519 (11th Cir.1990).  Generally, sanctions for civil contempt serve one of the following purposes: (1) to coerce the contemnor into compliance with the Court's order; or (2) to compensate the complainant for losses sustained as a result of the contumacious behavior.  *United States v. United Mine Workers,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

## Discussion

The undersigned finds that Plaintiffs have established by clear and convincing evidence that Defendant has willfully violated a lawful order of the Court with which he was able to comply.[2]  The Defendant's response to

---

[2] An evidentiary hearing is not required if there are no disputed factual matters. *See National Union Fire Ins. Co. v. Olympia Holding Corp.,* 140 Fed. Appx. 860, 864 (11th Cir.2005) (holding that court did not abuse its discretion by failing to conduct an evidentiary hearing and finding the defendants in civil contempt).

the contempt motion wholly fails to persuasively explain his failure to comply with the Court's order by attending his deposition noticed for November 2.  Accepting the veracity of Defendant's claims regarding his various travels, family illnesses, and mishaps, such life events do not establish the impossibility of complying with the Court's order and attending his deposition on November 2.  Defendant has been afforded ample opportunity to complete his deposition, and the Court's order requiring him to do so could not be more clear.  In short, enough is enough.

In this case, the appropriate sanction for Defendant's contempt is one with the purpose of coercing Defendant's compliance with the Court's order so that Plaintiffs' proceedings supplementary to execution of a judgment may move forward without further delay.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiffs' motion for an order of civil contempt and sanctions, ECF No. 38, be **GRANTED** and that Defendant Thomas Lewis Curtis' motion for an extension of time to reschedule his deposition, ECF No. 39, be **DENIED**.  It is further **RECOMMENDED** that Defendant be commanded to appear for incarceration until he purges himself of civil contempt, failing which a warrant be issued for his arrest.

Because a contemnor always has the ability to purge himself of contempt by obeying the court order,[3] prior to the expiration of the deadline for filing objections to this Report and Recommendation Defendant may coordinate with Plaintiffs to complete his deposition before such objections are due.

**IN CHAMBERS** this 21st day of November 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] *Wolfe v. Coleman,* 681 F.2d 1302, 1306 (11th Cir. 1982).