IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER M. FULLER and
NANETTE FULLER,

      Plaintiffs,

v.                                    CASE NO.  5:16mc1-RH/GRJ

THOMAS LEWIS CURTIS and
FREEDOM EXCHANGE COMMUNITY
DEVELOPMENT CENTERS OF
AMERICA, INC.,

      Defendants.

_____/

## ORDER COMPELLING MR. CURTIS TO
## APPEAR FOR HIS SCHEDULED DEPOSITION

The plaintiffs Christopher M. Fuller and Nanette Fuller obtained a money judgment in the Western District of Michigan against the defendants Thomas Lewis Curtis and Freedom Exchange. The Fullers registered the judgment in this district and sought to take Mr. Curtis's deposition in accordance with the governing rules. Mr. Curtis flouted the rules and the magistrate judge's orders to appear for the deposition. Nothing in this record suggests that Mr. Curtis's failure to appear was anything other than willful contempt of court.

The magistrate judge entered a report and recommendation, ECF No. 40, concluding that Mr. Curtis should be ordered to appear, failing which he should be held in contempt and jailed until he complied with the order. Mr. Curtis belatedly retained counsel and filed objections to the report and recommendation, ECF No. 44. The objections offered no colorable excuse for Mr. Curtis's prior failures to appear but quibbled with the phrasing of the magistrate judge's recommendation and, more importantly, indicated that Mr. Curtis had purged his contempt by appearing for his deposition on December 19, 2016—more than seven months after he was first ordered to appear.

The Fullers now have moved, in effect, to compel Mr. Curtis to appear again. Mr. Curtis has not responded to the motion, and the deadline for a response has passed. According to the Fullers' unrebutted motion, Mr. Curtis appeared for his deposition but evaded most questions, unduly prolonging the deposition, which could not be finished. The parties agreed that the deposition would continue on January 17, but Mr. Curtis now has said he will not appear at that time, based on the limit on the duration of a deposition under Federal Rule of Civil Procedure 30.

This order authorizes a deposition of longer duration and compels Mr. Curtis to appear. The time for Mr. Curtis to take seriously his obligation to comply with the court's orders is now. A litigant who defies a court order usually finds that the situation does not end well. Possible sanctions include not only a finding of civil

contempt—together with incarceration until the litigant complies with the order—but also prosecution for criminal contempt. A criminal contempt conviction carries a maximum penalty of five years in prison and cannot be purged through belated compliance with the order. If Mr. Curtis fails to appear for his deposition as ordered, the case may be referred to the United States Attorney for evaluation of whether to bring criminal contempt charges.

Finally, a word is in order about Mr. Curtis's assertion, in response to the report and recommendation, that Mr. Curtis cannot be jailed until he complies with the order, because while in jail he cannot comply with the order. That is incorrect. Depositions of prisoners can be and routinely are conducted within a correctional facility. If necessary, Mr. Curtis can be arrested, taken to jail, deposed there, and released. The logistics are not always easy, and Mr. Curtis may spend one or more nights in custody while arrangements are made. But sooner or later, Mr. Curtis is going to sit for his deposition. The right decision is to do it now.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 40, is accepted in part and vacated as moot in part.

2. The plaintiffs' motions for an order of civil contempt, sanctions, and to extend the duration for a continued deposition, ECF Nos. 38 and 46, are granted in part, as set out in this order.

3. The defendant Thomas Lewis Curtis must appear for his continued deposition on January 17, 2017, at 10:00 a.m., at the same place where Mr. Curtis appeared for his deposition on December 19, 2016. But by agreement between the plaintiffs' attorney and Mr. Curtis's attorney, the deposition may be rescheduled. Any such agreement must be confirmed in writing or by email. If the deposition is rescheduled, Mr. Curtis must appear at the time and place specified in the attorneys' agreement to reschedule the deposition.

4. The plaintiffs' attorney may examine Mr. Curtis for up to seven additional hours. Time examining Mr. Curtis means time spent on questions asked by the plaintiffs' attorney and answers to the questions, including normal delays between questions and answers, but not including time spent on objections.

5. Mr. Curtis must respond directly to each question asked at the deposition (unless his attorney instructs him not to answer on grounds that are permissible under the Federal Rules of Civil Procedure). In responding to a question, Mr. Curtis should not volunteer information unrelated to the question.

6. Jurisdiction is reserved to award sanctions for Mr. Curtis's prior failures to appear.

SO ORDERED on January 11, 2017.

s/Robert L. Hinkle<br>
United States District Judge